IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In re:                                              *

RESORTS DEVELOPMENT GROUP II,                       *
LLC, dba COUNTRY CROSSING, dba                                  Case No. 12-30054
CENTER STAGE,                                       *

    Debtor.                                       *

# MOTION OF FLOYD MAYWEATHER, JR. TO DETERMINE THAT HIS PROOF OF CLAIM HAS BEEN TIMELY FILED

1. This is the motion of Floyd Mayweather, Jr. ("Mayweather"), a creditor and party-in-interest, to determine that his proof of claim has been timely filed and is not subject to the April 16, 2012 claims bar date contained in a notice sent by the Clerk. This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b).

2. On June 10, 2010, Debtor executed a promissory note and security agreement in favor of Mayweather for the amount of $4 million. Debtor defaulted on the note.

3. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on January 9, 2012. Mayweather's debt was listed as "disputed" for $6,000,000.

4. Mayweather filed a proof of claim for $61,600,000 on July 2, 2012. (Claim No. 41).

5. On January 10, 2012, the Clerk mailed to each listed creditor a notice of the commencement of the case (Doc. 5). The notice stated that April 16, 2012 was the deadline for filing proofs of claim.

6. The claims bar date in the notice of the commencement of the case was set by the Bankruptcy Clerk. The Debtor did not move the Court to set a bar date, and the Court has not entered an order setting a bar date.

1

7. The April 16, 2012 claims bar date is invalid. Bankruptcy Rule 3003(c)(3) provides that in a Chapter 11 case, "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9001(4) defines the court, or judge, as "the judicial officer before whom a case or proceeding is pending." "Clerk" is defined by Bankruptcy Rule 9001(3) as the "bankruptcy clerk, if one has been appointed, otherwise [the] clerk of the district court."

8. The bar date for filing claims in a Chapter 11 case is required to be set by the judge. *In re Delta Underground Storage, Inc.*, 144 B.R. 716, 717 (Bankr. S.D. Miss. 1992). ("Under the wording of these rules, it is clear that the time period in which claims are to be filed in Chapter 11 proceedings must be set by the bankruptcy judge."). The Court in the instant Chapter 11 case has not entered an order setting a claims bar date. As a result, the bar date contained in the notice of commencement of this case sent by the Clerk is invalid. *Id.* at 717-18. A claims bar date has therefore not been properly established in this case. *Id.*

9. Mayweather was not given proper notice of the commencement of this case, so the claims bar date, if valid, does not apply to his claim. Mayweather resides in Las Vegas, Nevada. Mayweather's claim was listed in the mailing matrix and schedules submitted by the Debtor as follows:

>  Floyd Mayweather
>  C/O Patrick Nickles (Patton Boggs)
>  2550 M St., N.W.
>  Washington, DC 20037

10. Neither Patrick Nickler (his correct name) nor the law firm of Patton Boggs, L.L.P. were representing Mayweather on the date of Debtor's bankruptcy filing. Patton Boggs had ceased its representation of Mayweather on April 26, 2011. Notice of the commencement of this

2

case, and of any claims bar date, sent to Mayweather in care of his former counsel at Patton Boggs, was insufficient, invalid, and improper notice to Mayweather.

11. Notice of a bankruptcy filing upon a creditor's former attorney cannot be imputed to the creditor. *See Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985); *see also In re Martini*, 2006 WL 4452974 *5 (Bankr. D.N.J. Apr. 3, 2006). Due process requires that notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Notice of the commencement of this case, and all notices and orders mailed to the address shown above, are insufficient and improper notice to Mayweather of this case, and have deprived him of his due process rights to appear and participate. As a result, even if the April 16, 2012 claims bar date is valid, it does not apply to Mayweather.

12. Furthermore, Bankruptcy Rule 3003(c)(3), read in conjunction with Bankruptcy Rule 9006(b)(1), permits the Court to extend the time within which proofs of claim may be filed if the failure to comply was the result of excusable neglect. The four factors used to determine whether the neglect is excusable are: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *In re Robinson Foundry, Inc.*, 347 B.R. 781, 784 (Bankr. M.D. Ala. Aug. 16, 2006).

13. "The most important factor is the reason for the delay." *EnvisoNet Computer Servs., Inc. v. ECS Funding, L.L.C.*, 288 B.R. 163, 166 (D.Me. 2002); *In re Tiles & Stones, Inc.*, 2011 WL 1048617 (Bankr. S.D. Fla. Mar. 18, 2011). As stated earlier, notice of commencement of the case was mailed to a law firm that was no longer representing Mayweather. The reason for the

3

delay in filing the proof of claim was the insufficient, invalid, and improper notice to Mayweather.

14. Regarding the prejudice to the Debtor, as well as the length of the delay and its potential impact on the proceedings, Mayweather's filing is only two and a half months past the claims bar date. The Debtor has not yet filed a plan of reorganization or a disclosure statement. Thus, treating Mayweather's proof of claim as timely filed will not cause prejudice the Debtor, nor will it have a significant impact on the judicial proceedings.

15. The final factor is whether the movant has acted in good faith. Mayweather's delay in filing a proof of claim was not intentional. The delay was the result of a lack of notice. Mayweather is now attempting to remedy the delay in a timely and expedient manner.

WHEREFORE, Floyd Mayweather, Jr. prays for an order determining that his proof of claim has been timely filed and is not subject to the April 16, 2012 claims bar date set by the Clerk; and for such other relief as is just.

/s/ Lawrence B. Voit
Lawrence B. Voit
ASB 4988-I53L

SILVER, VOIT & THOMPSON
Attorney at Law, P.C.
4317-A Midmost Drive
Mobile, AL 36609-5589
Telephone: 251-343-0800
Fax: 251-343-0862
e-mail: lvoit@silvervoit.com
LS-8283-14247

Attorney for Floyd Mayweather, Jr.

CERTIFICATE OF SERVICE

  I, Lawrence B. Voit, do hereby certify that I have served a copy of the foregoing pleading upon Frederick M. Garfield, Esq., Garfield Law Firm, LLC, 1330 21st Way S., Ste. G-10, Birmingham, AL 35205 and Teresa R. Jacobs, U.S. Bankruptcy Administrator, Frank M. Johnson, Jr. Federal Building & U.S. Courthouse, One Church Street, Ste. 103, Montgomery, AL 36104 via U.S. mail, properly addressed and first class postage prepaid, or via electronic notice, as applicable, on this 2nd day of July, 2012.

                /s/ Lawrence B. Voit
                Lawrence B. Voit